UNITED STATES DISTRICT COURT MIDDLE
DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
Case Number 01:10-CV-966

| | |
|---|---|
| RUSSELL AND TAMMY NELSON, h/w ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> FIRST FINANCIAL ASSET ) <br> MANAGEMENT, INC. ) <br> ) <br> Defendant ) <br> ) | CIVIL COMPLAINT <br><br> JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiffs, Russell and Tammy Nelson, h/w, by and through their undersigned counsel, Lynn E. Coleman, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1. Plaintiffs, Russell and Tammy Nelson, h/w, are adult natural persons and they bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and the North Carolina Consumer Economic Protection Act ("NCCEPA"), N.C. Gen. Stat § 58-70-90, *et seq*.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District and the Defendant transacts business in the District.

## III. PARTIES

4. Plaintiffs, Russell and Tammy Nelson, h/w, are adult natural persons residing at 766 Walker Country Lane, Asheboro, NC 27205. At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, First Financial Asset Management, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of North Carolina and the State of Georgia with its principal place of business located at 230 Peachtree Street, Seventh Floor, Atlanta, GA 30303.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On or about August 20, 2009, Plaintiffs received a letter from Defendant's agent, "Jon Dixon", confirming an authorized settlement for a debt allegedly owed on a SunTrust account. **See Exhibit "A" (letter) attached hereto.**

8. Plaintiffs were to pay $1,050.94 by mail on or before August 28, 2010.

9. Defendant represented that upon receipt of funds as agreed they would notify SunTrust and the credit reporting bureaus to reflect that the account had been settled.

10. On or about August 25, 2009, Plaintiffs made payment as promised to the Defendant. **See Exhibit "B" (check) attached hereto**.

11. On or about September 1, 2009, the above payment was accepted and deposited by the Defendant.

12. On or about September 29, 2009, Plaintiffs received a second settlement agreement letter from Defendant's agent, "Angela Dean", again asking for the total sum of $1,050.94 to be submitted by October 2, 2009. **See Exhibit "C" (2nd letter) attached hereto**.

13. Both letters received from Defendant were collecting on the same account number FFAM File #887961.

14. Although Plaintiffs' account should have been marked paid in full by the Defendant with a zero balance following acceptance of the payment, the account was still listed as open.

15. On or about September 30, 2009, Plaintiffs, believing that they still owed money on the above account, forwarded a second check to the Defendant for the full amount offered. **See Exhibit "D" (check) attached hereto**.

16. On or about October 2, 2009, Defendant accepted and deposited this payment.

17. On or about December 18, 2009, Plaintiffs sent Defendant a certified letter stating the fact that the debt had been paid twice and requested a refund of the excess funds that had been paid. **See Exhibit "E" (letter/signed green card) attached hereto**.

18. As of the filing of this complaint, Plaintiffs have never been refunded the duplicate funds that were paid in error to the Defendant on this account.

19. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendant's unlawful conduct.

20. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

21. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring it and its agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

22. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

23. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for Federal and State law and the rights of the Plaintiffs herein.

## COUNT I – FDCPA

24. The above paragraphs are hereby incorporated herein by reference.

25. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(1) | Attempt to collect any amount that is not authorized by an agreement or that is not permitted by law |
| §§ 1692f(5) | Caused any charges to be made to the consumer |

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant, First Financial Asset Management, Inc., for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.        Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

**(Violation of the North Carolina Consumer Economic Protection Act)**

27. Plaintiffs hereby adopt, re-allege and incorporate by reference all allegations set forth above as fully rewritten here.

28. In its attempt to collect the aforementioned alleged debt, Defendant violated the NCCEPA in one or more of the following ways:

    a.        Falsely representing the character, extent, or amount of a debt in connection with the collection of the alleged debt, in violation of N.C. Gen. Stat. §58-70-110; and

    b.        By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the NCCEPA, which violations are also unfair or deceptive acts or practices under N.C. Gen. Stat. 75-1.1.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant, First Financial Asset Management, Inc., for the following:

    a.        All actual compensatory damages suffered;

    b.        Statutory damages of $4,000 of each violation of the NCCEPA;

    c.        All reasonable attorneys' fees, witness fees, court costs and other litigation cost incurred by Plaintiffs pursuant to N.C. Gen Stat. 75-16.1; and

    d.        Any other relief deemed appropriate by this honorable court.

## V. JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues herein.

                                                      Respectfully submitted,

Date: December 17, 2010                BY: */s/* Lynn E. Coleman
                                                            Lynn E. Coleman
                                                             Attorney for Plaintiff
                                                              N.C. State Bar No. 27407

                                                             Lynn E. Coleman
                                                             P.O. Box 311
                                                            Kernersville, NC 27285
                                                            (336) 993-5955 phone/fax
                                                            lynn.e.coleman@earthlink.net